SAMUEL ROWLAND and wife v. ROBERT S. PERRY.

In all actions whose object is to bind real estate belonging to a wife, service of the summons must be made *personally upon her*, as well as upon her husband.

In an action which involved the question, whether a conveyance of land to a wife was not based upon a consideration paid by her husband, and was not, therefore, to be subjected to claims by his creditors, the summons was directed to both husband and wife, but the copy was delivered to the husband alone: *Held*, that the judgment rendered therein against the wife by default, must be vacated.

MOTION, to vacate a judgment, made before *Watts, J.,* at Spring Term 1870 of WAKE Court.

This is a motion by Isabella, wife of Samuel Rowland, to vacate a judgment taken by default against her husband and herself, in the Superior Court for Wake County, on the ground that the summons in the action was not personally served on her, and that she had no notice of such action. The summons was directed to the said Samuel and Isabella, and a copy was delivered to the husband, but it is admitted that no actual service was made upon the wife. The object of the action was to procure from the Court a declaration, that a certain conveyance of land from one Hogg to the said Isabella, in fee, was upon a consideration paid by the husband: and that the said Isabella was thus a trustee for her husband; and to subject the said land to sale under a judgment and execution against the husband, in favor of the plaintiff, Perry.

His Honor refused to grant the order applied for, and the plaintiffs appealed.

*Rogers & Batchelor,* and *Fowle & Badger,* for the appellant.

*Haywood* and *Mason, contra.*

RODMAN, J. (After stating the facts as above.) Both the husband and wife were necessary parties to the action in which the judgment was rendered. Section 82, C. C. P., directs that the summons by which an action shall be commenced, shall be served by delivering a copy thereof, as follows:

1. If the suit be against a corporation to the president, &c.
2. If against a minor, to him and also to his father, &c.
3. If against an insane person, to his committee,
4. "In all other cases, to the defendant personally."

The counsel for the plaintiff, however, contends that where a wife is sued with her husband, personal service on the husband is personal service on the wife, and fulfils the requisition of the Statute: and he cites to that effect from several works on Practice, of acknowledged merit: 1 Tidd Pr. 194, 3 Chit. Gen. Pr. 263. It seems to us that all those authorities are confined to personal actions, or at least to those in which the inheritance of the wife would not be bound. For the wife, it is said that the land in question, is her separate estate by the Constitution, Art. X, Sec. 6; or by the Act, Rev. Code, ch. 56, s. 1; and her counsel have referred us to two cases in which it was held that where the suit would affect the separate estate of a wife, she must be made a party by actual personal service of the process on her : *Jones* v. *Harris,* 9 Ves. 486; *Ferguson* v. *Smith,* 2 John. Ch. 139. In addition to these, we have found two cases more recent, (*Kent* v. *Jacobs,* 5 Beav. 48; *Salmon* v. *Green,* 8 Beav. 45,) to the same effect. We do not think it necessary to decide whether or not the constitution is retrospective, so as to give to married women separate estates in the property which they held at its adoption.

When a suit against a married woman is of such a character, that a judgment against her will necessarily bind her inheritance, it certainly comes within the same principle as it would, if it affected her separate estate. The reasons

which require an actual service in the one case, are of equal
weight in the other. Since the disuse of real actions, it is
scarcely possible that a judgment in an action at law can
directly affect the wife's inheritance. To ascertain the prac-
tice in such cases, we must consult the older authorities;
and it will be found that where a real action was brought
against husband and wife, touching her inheritance, the hus-
band was not regarded as representing her, as was the case
in personal actions; at least, so we understand the doctrine,
found in Viner's Abridgment, translated from Brooke and
other authorities :

"The husband alone shall not demur for his wife, by the
opinion of the Court. Toth. 136, cites 36 Eliz: *Sterling* v.
*Green.*" Viner, Baron and Feme, 187, C. b. 38.

"In assise the baron pleaded joint tenancy with his feme,
and had process to bring in his feme; *quod nota,* and she
came and joined, and maintained the exception." Viner,
Baron and Feme, 193, D. 6, 2.

"Dower by the baron and feme,—the tenant said that the
first baron had nothing after the Espousals: *prist,* and the
demandant did not deny it, by which the tenant prayed that
they should be barred, and *non allocatur :* for this shall be
prejudice to the feme after the death of the baron; by which
they acknowledged to the tenant by fine, and the feme was
examined ; *qaod nota,* for she shall not be examined upon a
confession of action, therefore, *non recipitur; note the diver-
sity.*" Br. Baron and Feme Pl. 20, cites 44 Ed. 3, 12.

A bill was exhibited against husband and wife for matters
chiefly concerning the wife; they both put in their answer,
and then the husband died; this is an abatement of the
cause, so that the plaintiff shall not proceed upon a bill of
revivor, for the widow shall not be compelled to abide by the
answer of her husband made for her, or which he made

whilst she was *sub potestate viri.* Anon. 3 Salk. 84; Roscoe, Real Actions, 9.

Mrs. Rowland is entitled to have the judgment vacated as to her. Our opinion on this point, makes it unnecessary to notice any of the other questions raised.

Mrs. Rowland will recover her costs in this Court, and the case is remanded to the Superior Court of Wake, for such further proceedings as may be proper.

PER CURIAM.                                                    Error.