JOHN D. HYMAN, Administrator of William Taylor, *v.* J. JARNI-GAN and wife and others.

Where proceedings are taken, upon a petition by an administrator to sell land for the payment of debts, before the Judge of Probate, and he orders a sale of the land and it is sold, and the purchaser, upon the confirmation of the sale, gets a deed for the land before the purchase money is paid, though the proceedings may be very irregular, yet the heirs-at-law cannot have the sale set aside by the Judge of the District at the regular term of the Superior Court.

A petition by an administrator to sell land for the payment of debts is a special proceeding, and belongs to the original jurisdiction of the Probate Court; and parties injured by such proceeding ought to apply to the Judge of Probate for relief, and if he refuse to act, or acts erroneously, in the matter, an appeal will lie to the Judge of the District in Court.

On a petition to sell land by an administrator for the payment of debts, it is erroneous for the Judge of Probate to make an order for the sale of the land before the parties defendant have been served with process by publication when they were non-residents: or, before he had adjudged upon the proofs required by the C. C. P., sec. 89, that the defendants had been regularly served with process by publication.

On a petition by an administrator to sell land for the payment of debts, where the heirs are minors, it is erroneous for the Judge of Probate to make an order of sale, where there is no order for the appointment of the person who appears as guardian *ad litem;* and no order for such appointment can be made until the summons be properly served, and the other requirements of the C. C. P., sec. 59, he complied with.

It is erroneous for a Judge of Probate to order a deed to be made to a purchaser of land sold by an administrator to pay debts, until the purchase money has been paid.

This was a petition filed by the plaintiff as administrator for the sale of the land of his intestate for the payment of his debts, before the Judge of Probate, for the County of HENDERSON.

Such proceedings were had that the land was sold, the sale confirmed and a deed ordered to be made to the purchaser, which was done before the purchase money was paid. Afterwards, some of the heirs applied to *Judge Cannon*, at the last Spring Term of the Superior Court of the County, and moved to set aside the sale upon the ground that the land had been sold at a very inadequate price. The purchaser resisted the motion, and his Honor refused to act in the matter for the reason that the action of the Judge of Probate was final, because it was not objected to nor appealed from at the time. From the order of his Honor refusing their motion, the heirs appealed to the Supreme Court. The proceedings before the Judge of Probate were very irregular, as will sufficiently appear from the opinion filed in this Court.

*Phillips & Merrimon,* for the plaintiff.

No counsel, *contra.*

DICK, J. The proceedings in this case are very irregular, and the sale of the land, and the order upon which it was made ought to be set aside—but the appellants have not chosen the proper remedy.

A petition by an administrator to sell land for the purpose of paying debts, is a special proceeding and belongs to the original jurisdiction of the Probate Court.

Parties injured by such proceedings ought to apply to the Judge of Probate for relief, and if he refuses to act in the matter, or acts erroneously, an appeal will lie to the Judge of the District.

According to the transcript there are many errors in the proceedings but we will notice only a few.

1st. The order of sale was granted on the 5th of Nov., 1869, the day the petition was filed, and before the parties defendant had been served with process by publication.

2nd. The Judge of Probate at the time he granted the order of sale, did not upon the proofs required in C. C. P. 89, adjudge that the defendants had been regularly served with process by publication.

3rd. There was no order appointing Gulick guardian *ad litem* of the infant defendants. The Court had no right to appoint a guardian *ad litem* until the summons was properly served—and the appointment must be made as prescribed in C. C. P., sec. 59. The act of Gulick on the day the petition was filed was unauthorized, and asthe infant defendants were not represented by a guardian, the proceedings are void as to them.

4th. The Judge of Probate acted erroneously in ordering a deed to be made for the land before the purchase money was paid. Such an order is contrary to the course and practice of Courts of Equity in directing judicial sales.

We make these suggestions in order that the proceedings may be properly corrected in the Probate Court and further litigation avoided.

His Honor acted properly in refusing to take cognizance of the matter and his judgment must be affirmed.

PER CURIAM.                              Judgment affirmed.