JAMES BLYTHE, Executor, and ELIZA J. HOOTS, Executrix *v.* J. M. HOOTS and others.

In a petition to sell land for assets an order that B. the executor and H the executrix, " have leave to sell seventy-five acres of the land described in the petition, so as not to include the dwelling house and out buildings and garden of the premises to be surveyed and set apart by the petitioners before sale, and there was no survey made to identify the seventy-five acres; *Held*, that such order was too indefinite to.justify a sale, and should be vacated and the sale set aside.

Where an order of sale directs it to be made by the executor and executrix, and the sale is made by the executor alone, who received all the purchase money and made his report of sale, which was confirmed: *Held*, that such sale was irregular, subversive of the rights of the executrix, and ought to be set aside.

This was a MOTION to set aside a sale of land, made by executors, before the Probate Judge of HENDERSON county, and heard upon appeal by *Henry, J.*, at Chambers, on the 27th day of June, 1874.

A special proceeding had been brought by the plaintiffs, as executor and executrix of one Joseph Hoots, before the Probate Judge, asking the sale of land for assets. The parties interested were all brought into Court, and the Probate Judge ordered the sale as prayed for. The executor, Blythe, one of the plaintiffs, sold the land, after due notice, and one S. M. King became the purchaser, at $233, the purchase money being paid to Blythe. He at once paid out the same for costs and charges, and for the debts of the testator, and the whole proceedings, including report of sale, &c., were confirmed by the Probate Court, there being no infant plaintiffs, and title was decreed to be made to the purchaser, King, and was made by Blythe, the executor.

The testator had devised the land sold under the petition of the plaintiffs, and before alluded to, to his wife, the plaintiff Eliza, appointing her executrix. She qualified and joined in the petition to sell the land. The land sold included a portion of

the testator's homestead, not interfering with the dwelling and other buildings. The testator died before the adoption of our present constitution, leaving infant children.

The executrix, after joining in the petition to sell the land, refused to have anything further to do with the proceeding, and claimed a homestead for herself and children. She denied having employed any counsel, and insisted that notwithstanding she signed the petition, she did not understand its contents nor its effect. For these reasons she moved the Clerk to set aside the sale, and upon his refusing, appealed to the Judge of the District at Chambers.

Upon the hearing before his Honor, he set the sale aside, whereupon the plaintiff, Blythe and the purchaser, King, who had been made a party, appealed.

Other facts, pertinent to the points decided, are stated in the opinion of the Court.

*J. H. Merrimon* and *Collins,* for appellants.
No counsel *contra* in this Court.

PEARSON, C. J. We concur in the conclusion of his Honor, that " the judgment and decrees, &c., made by the Clerk be vacated and set aside."

We put our decision upon two grounds :

1. The order which authorizes the executor and the executrix to sell the land, does not sufficiently describe the land which they were to sell. It is in these words: " Ordered that James Blythe, executor, and Eliza Hoots, the executrix of Joseph Hoots, have leave to sell seventy-five acres of the land described in the petition, so as not to include the dwelling house and out buildings and garden of the premises, to be surveyed and set apart by the petitioners before sale."

This leaves it in doubt whether " the dwelling house and out buildings and garden of the premises " were to be surveyed and set apart by the petitioners before sale, (with a view to the widow's dower,) which is the grammatical construction,

or whether the " seventy-acres " were to be surveyed and set apart before the sale ; but take it either way, it nowhere appears that either the one or the other was surveyed and set apart before the sale.

So in fact the land offered for sale was not identified, and persons bidding at the sale could not tell what particular land was offered for sale. The petition sets out that " Joseph Hoots died seized of one hundred and twelve acres of land, including the place where he lived and died, joining Rufus Edney, Andrew Maxwell and Toliver Lewis, on the waters of Clear Creek, worth some five or six hundred dollars, subject to the widow's claim of dower," and the order is to sell seventy-five acres of the land as above stated. The dower was not assigned, and no survey was made to identify the seventy-five acres.

James Blythe *alone* reports, that he had sold "*the land ordered to be sold*," and received the purchase money, and thereupon the clerk confirms the sale of " seventy-five acres of the land described in the petition." Thus the land sold is left altogether indefinite, and the part of the order of sale (whether it meant to have the dwelling house surveyed and set apart, or to have " the seventy-five acres" surveyed and set apart,) was not complied with.

2. The order directs the sale to be made by Blythe, the executor, and Eliza Hoots, the executrix; the sale was in fact made by Blythe alone, who received all of the purchase money and made his report of the sale, which was confirmed ; thus the rights of Eliza Hoots, the executrix, were in the words of her petition " subverted," and after getting her to swear to the petition to obtain leave to sell, she is put aside, and excluded from any farther participation in the matter, the sale is made and the purchase money received and appropriated by Blythe alone. In this there is manifest error, and the executrix was well warranted in her petition to set aside the sale.

No error. Let this be certified.

PER CURIAM.                                        Judgment affirmed.