ZACHARIAH SHEARIN and others *v.* HENRY B. HUNTER, Administrator *de bonis non.*

It is the plain duty of a Probate Judge, to refuse to confirm a sale of land by an administrator, under a decree of his Court, when it appears that the land was bid off at such sale, for the benefit of the administrator.

(*Hyman* v. *Jernigan,* 65 N. C. Rep. 96, cited and approved.)

This was a PETITION to set aside a decree of sale, made by

the Probate Court, upon the petition of Zachariah E. Shearin, administrator of John P. Shearin.

The facts in the case are as follows : On the 29th of March, 1872, Zachariah ,E. Shearin filed a petition in the Probate Court of Warren county, for the sale of a tract of land, of which his intestate died seized, for the payment of his debts. On the 14th of November, a decree was made for the sale of the tract of land which decree was afterwards twice renewed with slight modifications. Afterwards, to-wit, on the 22d day of March, 1874, no sale having taken place and Zachariah E. Shearin having been removed, and the defendant Henry B. Hunter, appointed administrator *de bonis non,* a decree was made for the sale of the land by the defendant, at auction, on a credit of twelve months, one hundred and fifty dollars, to be paid in cash, and the balance to be secured by bond with approved security.

The sale was duly advertised according to law, and the land was sold on the 6th day of April, 1874, H. A. Foote became the purchaser for $1,410.

At the time of the sale, the defendant requested H. A. Foote to see that the land did not sell for less than $1500, telling him that if the land was knocked down to him, he would take the bid off his hands. It was understood after the sale, and admitted by the defendant, that defendant was the real purchaser, but a title was made to Foote, as defendant alleged, to prevent complication, and Foote wss to convey the land to the defendant.

The plaintiff's in the present action, the heirs of the intestate of the defendant, filed a petition to set aside the decree of confirmation of this sale on several grounds, among others, and chiefly because, as they allege, H. A. Foote bought the land as the agent of defendant.

The petition was heard before the Probate Judge and dismissed at the cost of the petitioners, and an appeal taken to the Superior Court.

The case was heard on appeal before his Honor Judge

*Watts,* at Chambers, and the judgment of the Probate Court affirmed. From this judgment the plaintiff's appealed.

*Busbee & Busbee,* for petitioners.
No counsel *contra* in this Court.

SETTLE, J. The defendant as administrator *de bonis non* on the estate of John P. Shearin, after petition and decree to sell the lands of his intestate for the payment of debts, exposed the same to sale on the 6th of April, 1874, when Mr. Foote bid off the same, (819 acres), at the price of fourteen hundred and ten dollars. It is admitted that Foote bid off the land at the request of the administrator and for his benefit.

The sixth paragraph of the defendants answer is as follows:

" The defendant further says that he reported the said H. A. Foote, as the purchaser, whom the defendant had enabled to comply with the terms of the sale in order to avoid complication in making the title; but it was agreed that the defendant should take a title from the said H. A. Foote as soon as it should be made to the latter, and relieve him from all responsibility in relation thereto. This last agreement was made subsequent to the sale in pursuance of the understanding previously mentioned."

It appears from the record that the report of the administrator was confirmed on the 2d day of May, 1874, and twenty days thereafter the plaintiffs filed their petition setting forth the facts, that one of them is an infant, and that they did not know that the administrator was purchasing for his own benefit, that the land is near the railroad, and is worth more than it sold for.

Without looking outside of the administrator's report, it was the plain duty of the Probate Judge to refuse to confirm the same, and indeed he should have then considered the question whether the administrator had shown himself a proper person to be entrusted with the sale of that land.

And when complaint was made the fact that he did not

agree, at once, that the sale should be set aside, but endeavored to hold on to his bargain, demonstrates that he is an unfit person to exercise the office of administrator; and that he should be removed.

" The most obvious instances of the abuse of a fiduciary character is, where a trustee for sale or purchase, attempts to buy from or sell to himself. The permitting such a transaction to stand, however honest it may be in the particular case, would destroy all security for the conduct of the trustee; for if he were permitted to buy or sell in an honest case, he might do so in one having that appearance, but which from the infirmity of human testimony, might be grossly otherwise." Adams Eq. page 60.

The objection to the proceedings in this case is untenable.

It is unnecessary to elaborate this point, since the case of *Hyman* v. *Jernigan*, 65 N. C. 96, is directly in point, and decides the question presented, adversely to the views of the defendant.

Judgment reversed, and case remanded, to be proceeded in according to law.

PER CURIAM. Judgment reversed, and case remanded.