LEWIS JOHNSON and others v. OWEN W. JONES and others.

The extraordinary remedy by injunction will not be granted, where it appears that the petitioner has an adequate remedy by regular proceeding in the cause:

*Therefore*, in an action against an administrator *de bonis non*, to enjoin him from selling the land of the intestate for assets, it appearing that a petition for that purpose was pending in the Probate Court, and that the defendants therein denied the legality of the appointment of said administrator *de bonis non;* and it further appearing that no account had been taken of the personal property of the intestate : *It was held*, that the plaintiffs had an adequate remedy against the sale of said land in the Probate Court, and that therefore it was not error in the Court below to dissolve the injunction theretofore granted.

PETITION for an *Injunction*, heard before SEYMOUR, J., at Fall Term, 1874, of the Superior Court of GREENE County.

The facts necessary to an understanding of the case as decided, are fully stated in the opinion of Justice RODMAN.

Upon the hearing, the Court below rendered judgment, dissolving the injunction, whereupon the plaintiffs appealed.

*Fowle, Haughton, Woodard* and *Kenan & Murray,* for the appellants.

*Moore & Gatling,* contra.

Rodman, J. The plaintiffs (except Johnson) are the heirs of John Turnage, and Johnson is the assignee of another of the heirs.

They allege that Turnage sold to one Grimsley a piece of land for $7,500, which was paid, and that there was an agreement between the parties that if the piece should be found to contain a greater number of acres than Turnage represented, that Grimsley should pay for the excess at the rate of $12 per acre, and if it should be found to contain a less number, that Turnage should refund for the deficiency at the same rate. Turnage died in July, 1862, and one Hardy, who is alluded to as being a plaintiff, although not expressly made one, became his administrator. That Grimsley represented to Hardy that there was a deficiency in the quantity of the land sold, and by promising to receive payment in Confederate money induced Hardy to confess a judgment against himself, as administrator of Turnage, for a sum which is left blank. That afterwards—no date is given—Hardy tendered to Grimsley the amount of the judgment in Confederate money, which Grimsley refused to receive, and afterwards assigned the judgment to the defendant Bell. Afterwards the defendant Jones, pretending to be administrator *de bonis non* of Turnage, filed in the Probate Court of Greene a petition for the sale of the lands of Turnage for the purpose of paying the said judgment, which is still pending. The plaintiffs further say that there was no deficiency in the quantity of land, but an excess. They do not charge expressly any collusion between Hardy and Grimsley, nor do they say what has become of the personal estate of Turnage which was in the hands of his administrator Hardy. They pray :

1. That the judgment against Hardy may be set aside.

2. For an injunction against Jones from prosecuting his petition for the sale of the land.

An injunction was granted which, on the coming in of the answer, was dissolved, and from this order the plaintiffs appealed.

The propriety of this order dissolving the injunction is the only question before us.

We need not consider the answer. Upon the statement of the plaintiffs they have a good defence to the action of Jones in the Probate Court.

1. If he is not the administrator *de bonis non* of Turnage, he has no right to the order.

2. Before he can obtain an order to sell the land there must, if the plaintiffs require it, be an account taken of the administration of the personal property of Turnage, and it must be made to appear that it has been exhausted in due course of administration or wasted by the administrators. No doubt, also, the Probate Judge, on being informed that an action was being prosecuted to set aside the judgment, would delay a decision on the petition until that action could be decided, when, if the plaintiffs succeed, the petition of Jones to sell the land must fail.

The plaintiffs, therefore, have, so far as appears at present, an adequate defence in the Probate Court, and are not entitled to the extraordinary remedy of an injunction. The judgment below dissolving the injunction must be affirmed.

Here we might stop. The defendants, however, contend that the plaintiffs' action should be dismissed, because they might obtain relief against the judgment by a motion in that cause to set it aside on the ground of the fraud of Grimsley, or to enter satisfaction upon payment of the whole of the Confederate money according to the scale.

We do not mean to express any opinion on the merits of the plaintiffs' case. Our remarks relate only to the remedy.

No doubt if the only ground of complaint was the refusal of Grimsley to receive Confederate money, the administrator, Hardy, might obtain that relief in the manner suggested, by a motion in the cause. But the plaintiffs demand to have the judgment set aside. All the cases cited for the defendant, in which it is held that a motion in the cause is the proper proceeding to set aside a judgment, are where there has been an irregularity in taking the judgment, or a fraud practiced on the defendant in the judgment, and the motion to set aside is made by him. The remedy, by a motion in the cause, must be confined to the parties to the cause. In the present case the substantial plaintiffs, (if we consider Hardy as a plaintiff at all,) are the *cestui que trusts* of Hardy, and they were not parties to the action against him. It is true, no fraud is distinctly charged on Grimsley in inducing Hardy to confess the judgment, nor is any fraudulent collusion between Hardy and Grimsley. The complaint is unskillfully framed. But the allegations that Grimsley's assertion of a deficiency of acres was false, and' that Hardy admitted it without examination, could have no purpose but to charge a fraudulent collusion between them. In the present stage of the case, we may properly consider it as meaning that.

Understanding it in this sense, we think the plaintiffs are not confined to seek relief from the judgment by a motion in the cause, even if they are entitled to do so,. but may do it in a separate action. We decline, therefore;. to dismiss the action.

The plaintiffs should have leave to amend their complaint as they may be advised, on such terms as may be just.

Order dissolving the injunction affirmed. Case remanded. Let this opinion be certified. The defendants will recover costs in this Court.

PER CURIAM.                    Judgment accordingly.