MONROE OLIVER and wife and others v. F. A. WILEY, Ex'r. and H. F. BRANDON, Adm'r.

In an action against an executor, who is also a guardian and trustee, for an account and settlement, and for the payment of a bond given to the testator of the defendant, in trust for the plaintiffs and others, and for a proper distribution of the proceeds of said bond, the obligor therein is a necessary party.

In such action, the administrator of one of the *cestui que trusts*, entitled to a part of the proceeds of said bond, is also a necessary party.

Where the several accounts demanded against one occupying the several relations of executor, guardian and trustee, are all so united that they cannot be conveniently separated, they may be embraced in the same complaint; and that the several causes are so combined, is no good ground of demurrer.

Where one of the objects of an action is to enforce an express trust created by contract, and also some constructive trust arising *ex delicto*, the Superior Court is the proper tribunal. The Judge having jurisdiction over one main ground of relief, is not obliged to dismiss the case, with a mere declaration of the trusts, but may go on and give full relief.

This was a CIVIL ACTION for an account and settlement, tried before KERR, J., at the Spring Term, 1876, of the Superior Court of CASWELL County, upon complaint and demurrer.

. The facts of the case are found in the pleadings, which are fully set out under the direction of Justice RODMAN.

Plaintiffs filed the following complaint, alleging :

" (1.) That Alexander Wiley, late of Caswell County, died in September, 1861, leaving a last will and testament, which was duly admitted to probate in said County, and by the terms of which the defendant, F. A. Wiley, was appointed his sole executor, and that he qualified and entered upon the duties of his said office."

" (2.) That among the paper effects of the said testator, which came to his hands as executor as aforesaid, was a bond, of which the following is a true copy :

' Sixty days after date I promise to pay Alexander Wiley,
' or order, the sum of six hundred and fifty dollars, to be
' applied to the use and benefit, to-wit: Alexander Hooper,
' Ann Hooper, Ziphania Hooper, Martha Hooper and Susan
' Hooper, who are at this time living with my father, Wood-
' liff Hooper. Witness my hand and seal, this 30th day of
' November, 1846.

        (Signed)        SPENCER HOOPER, [*Seal.*]
  ' *Witness,*

' JOHN K. GRAVES.' "

" (3.) That the said Spencer Hooper resides beyond the
limits of this State, and has so resided ever since the date
of said bond; that he has no property or effects in this State
out of which to satisfy said bond or any part thereof, ex-
cept as hereafter mentioned and described.

" (4.) That Susan P. Hooper, one of the children of Spen-
cer Hooper, mentioned in said bond, died intestate in the
month of August, 1861, in the County of Caswell, and at
December Term, 1861, of the late Court of Pleas and Quar-
ter Sessions of Caswell county, letters of administration
were granted to J. C. Griffith; that the said Griffith took
into his hands and possession all of the estate of the intes-
tate, and that after paying all just charged debts and cost of
administration, there were in his hands belonging to Spen-
cer Hooper, the father of said Susan P. Hooper, who was
entitled to recover as next of kin, about the sum of one
thousand dollars."

" (5.) That F. A. Wiley, as executor as aforesaid, did by a
decree of the late Court of Equity of Caswell County, pro-
cure said sum of $1,000.00 to be applied in part payment of
the said bond, so held by him as executor of A. Wiley, de-
ceased, of which sum $270.00 was for the use and benefit of
A. Hooper, deceased, the intestate of the defendant, H. F.
Brandon, of whom said F. A. Wiley was guardian."

" (6.) That the said F. A. Wiley, as such guardian, did

receive the said sum due his ward, and fraudulently failed to apply the same to the use and benefit of his ward, or to make any return of the same to the Probate Court of Caswell County, as required by law and in violation of his duty as such guardian."

" (7.) That Alexander Hooper died in Caswell County, 1871, and the defendant, H. F. Brandon, is his administrator, and there are no outstanding debts against the estate of the said intestate."

" (8.) That at the death of the intestate of the defendant, H. F. Brandon, the said F. A. Wiley as guardian, had in his hands, exclusive of the $270.00, funds belonging to his ward, A. Hooper, deceased, amounting to $1,500.00 ; and that he held in his hands, as executor of A. Wiley, deceased, the aforesaid bond of Spencer Hooper, which at that time was due and unsatisfied to an amount greater than the value of the estate of the intestate of the defendant, Brandon ; and that he fraudulently failed and refused to take any steps, or any legal proceedings to subject the fund held by him, and belonging to Spencer Hooper as next of kin, to the payment and satisfaction of the aforesaid bond, in utter violation of his duty as trustee of said bond."

" (9.) That the said F. A. Wiley, as executor as aforesaid, and trustee of said bond, has fraudulently purchased for his own use and benefit, Spencer Hooper's interest in the estate of his said deceased ward, A. Hooper, which interest he held in his own hands as guardian."

" (10.) That Alexander Hooper, intestate of defendant Brandon, left surviving him, his father, Spencer Hooper and the plaintiffs, his brothers and sisters, and surviving *cestui que trusts,* Ann L. intermarried with Monroe Oliver, Martha, intermarried with Isaac N. Colman, and Ziphania Hooper, a person of insane memory, who sues by his next friend, J. L. Oliver."

" Wherefore the plaintiffs demand judgment :

I. That the plaintiffs recover of the defendant, F. A. Wiley, the sum of $2,000.00.

II. That an account be taken of the guardianship of F. A. Wiley, with his wards Susan P. and Alexander Hooper, deceased; and also of his trusteeship of the bond of Spencer Hooper.

III. That the defendant, H. F. Brandon, administrator as aforesaid, be ordered to pay to the plaintiffs in part satisfaction of the said bond, out of the estate of his intestate, the sum of $2,000.00.

IV. For such other and further relief as to the Court may seem just."

To the foregoing complaint, the defendant, F. A. Wiley demurs, assigning as grounds of demurrer:

" 1. That there is a defect of parties defendant, in the omission of Spencer Hooper, and those who purchased his interest; the said Hooper being the sole legatee of A. H. Hooper.

2. That there is a defect of parties defendant, in the omission of J. C. Griffith, administrator of Susan P. Hooper.

3. That several causes of action have been improperly united; one being an action against F. A. Wiley, as executor of A. Wiley; and the 2nd, being an action against F. A. Wiley as guardian of A. H. Hooper and Susan P. Hooper; and the 3d being an action against F. A. Wiley, as trustee of a bond, under the will of A. Wiley.

4. That H. F. Brandon, administrator of A. H. Hooper, is improperly made a defendant in the action.

5. That this Court cannot have jurisdiction of an action to recover the interest of a legatee, but that the jurisdiction of the same belongs to the Probate Court."

Upon the hearing his Honor sustained the demurrer, and dismissed the plaintiff's action.

From this judgment, the plaintiff appealed.

*Graham & Graham,* for appellant.

No counsel *contra* in this Court.

RODMAN, J.   The causes of demurrer assigned by the defendants will be considered separately.

"1. That there is a defect of parties defendant in the omission of Spencer Hooper, and those who purchased his interest, the said Hooper being the sole legatee of A. H. Hooper."

*Observations.*   We conceive that Spencer Hooper ought to be a party, because he was the obligor in the bond to Alexander Wiley in trust, &c., for $600, and the payment of that bond is one of the objects of this action.   The cause assigned does not *appear to be true in fact,* as Alexander Hooper is stated to have died intestate.   This cause of demurrer is sustained.

"2. That there is a defect of parties defendant in the omission of J. G. Griffith, administrator of Susan P. Hooper."

*Observations.*   We think Griffith is a necessary and proper party to the taking of the accounts which will be necessary in this action.   This cause of demurrer is sustained.

"3. That several causes of action have been improperly united; one being an action against F. A. Wiley as executor of A. Wiley; and the second being an action against F. A. Wiley as guardian of A. H. Hooper and Susan P. Hooper. And the third being an action against F. A. Wiley as trustee of a bond under the will of A. Wiley."

*Observations.*   We are of opinion that the several accounts which are demanded are all so united that they cannot be conveniently separated into several actions.   If any inconvenience shall be found to arise from the union, it will be in the power of the Judge, to remedy it.   This cause of demurrer is overruled.

"4. That H. F. Brandon, administrator of A. H. Hooper, is improperly made a defendant in this action."

OLIVER *et. al. v.* WILEY, EX'R., and BRANDON, Adm'r.

*Observations.* The same reasons that made the administrator of Susan a proper party, make the administrator of Alexander Hooper a proper party, and it is immaterial whether he is a plantiff or defendant. If no judgment shall be obtained against him he can recover his costs. This cause of demurrer is overruled.

"5. That this Court cannot have jurisdiction of an action to recover the interest of a legatee, but that jurisdiction of the same belongs to the Probate Court."

*Observations.* One object of the action is to enforce an express trust created by contract, and also some constructive trusts arising *ex delicto.* The other relief prayed is ancillary or incidental to this, or so connected with it as not to be conveniently separable. The Probate Court has no jurisdiction to enforce a trust created by contract and not arising out of the official duty of an executor or administrator, &c., or a constructive trust arising out of fraud or the like. Whenever it is necessary to have a trust of either of these kinds declared before the account of an executor, administrator or guardian can be properly taken, the plaintiff can always go before a Judge of the Superior Court, and the Judge having jurisdiction over one main ground of relief, is not obliged to dismiss the case with a mere declaration of the trusts, but may go on and give full relief.

This cause of demurrer is overruled.

The case is remanded to be proceeded in according to this opinion.

As the demurrer assigned causes partly good and partly bad, neither party will recover costs in this Court.

PER CURIAM.                          Judgment accordingly.