MIBRA GULLEY and others v. E. O. MACY, Adm'r, and others.

*Superior Court—Jurisdiction—Practice—Parties—Married Women—Infants.*

1. The superior court in term has jurisdiction of an action to declare a trust in certain real estate and to have title executed to the plaintiff and also to impeach a sale of the land under a decree of the probate court had in a special proceeding then ended.

2. A decree for the sale of land made in a special proceeding is not conclusive upon a *feme covert* defendant whose husband is not served with

process nor otherwise made a party, or obtained leave from the court to proceed without him.

3. A decree in such case is not conclusive upon infant defendants who were not served with process, but who were represented by a guardian *ad litem*, appointed before the petition was filed on nomination of plaintiff, and who filed an answer prepared for him at plaintiff's instance and without inquiry as to the rights of the infant defendants.

(*Oliver* v. *Wiley*, 75 N. C., 320; *Dula* v. *Young*, 70 N. C., 450; *Johnson* v. *Jones*, 75 N. C., 206; *Rowland* v. *Perry*, 64 N. C , 578; *Harris* v. *Jenkins*, 72 N. C., 183; *Doyle* v. *Brown*, *Ibid.*, 393; *Stallings* v. *Gully*, 3 Jones, 304; *Moore* v. *Gidney*, 75 N . C., 34, cited and approved.)

CIVIL ACTION tried at Fall Term, 1878, of WAKE Superior Court, before *Seymour J.* ·

This action was instituted in the superior court to declare void and set aside proceedings in the probate court in which the defendant administrator had obtained a license to sell, and did sell, the real estate of his intestate for assets to pay debts; and also to recover the land sold in pursuance of said proceeding from the other defendants, the purchasers at said sale. The facts necessary to an understanding of the case are stated in the opinion of this court. His Honor held, 1. That the return of the sheriff upon the summons in the proceedings by Macy, administrator, was conclusive upon the plaintiff, Mibra, in this court, and could not be attacked except by a proceeding for that purpose brought in the probate court; 2. That the probate court of Wake county had exclusive original jurisdiction and cognizance of any proceeding to have the special proceeding of said administrator declared unauthorized and irregular, and to set aside the same; 3. The failure to serve summons in said special proceeding upon the plaintiff Mibra's husband, the service being upon her alone, did not make the proceeding void as to her; 4. That if *feme* plaintiff could not recover in this action, neither could the infant plaintiffs, upon the case presented by the pleadings and the evidence.

To this ruling the plaintiffs excepted. There was judgment of nonsuit and the plaintiffs appealed.

*Messrs. T. M. Argo* and *Lewis & Strong*, for plaintiffs:

The first ruling of the court below is erroneous. This is a direct proceeding to falsify return of officer, and any evidence tending to show that it is false, and that in consequence the judgment is void, is competent. If ruling of judge be correct, in order to falsify return, a proceeding would have to be instituted in the probate court, to have it so declared. But there is no such proceeding; the plaintiffs would obtain no substantial relief. The proper proceeding is an *action* to vacate and have declared void the *judgment or decree*. And to do this it must be shown, that the process was not served, and that the party was not in court. This is a fact to be proved by evidence; and if the relief prayed can be granted in this court such facts may be shown in testimony. The return can only be shown to be false in a direct proceeding to set the judgment or decree aside. *Doyle* v. *Brown*, 73 N. C., 375. Whether, therefore, the return of the officer be conclusive upon the plaintiff Mibra Gulley here, depends upon whether the superior court in term has jurisdiction of the action to set aside the proceedings, and this brings us to the second point in this case.

Ruling second also erroneous. To ascertain the correctness of which it is necessary to solve two questions:

(1) What is the extent of the jurisdiction of probate courts under the constitution and the law? The constitution as in force at the time of the institution of the action, Art. IV, § 12, authorizes the general assembly to distribute the jurisdiction of the courts, inferior to the supreme court, as it should deem best in its discretion. Section 2, ch. 18, Bat. Rev., was also in force, and that provides that the summons in all civil actions shall be returnable to the court in term time. See *State* v. *Powe*, 64 N. C., 644, and *Murphy* v.

*McCubbins,* 65 N. C, 246. Probate courts therefore have no jurisdiction in any case where the remedy must be sought by *civil action.*

(2) What is the character of the proceeding to vacate the proceedings by Macy, administrator, including the decree for sale, the sale and the final decree? Is it a civil action? According to the old equity practice, a decree which is the judgment of a court of equity could be impeached if final and enrolled, by bill of review, to wit, for error upon the face of the proceedings, bill of review in the nature of an original bill—Daniel, Ch. Prac., 3, p.p. 1727 *et seg* (note 3)— or upon discovering new facts. If the decree had not been enrolled, by supplemental bill in the nature of a bill of review. *Ibid.*, 1724. If the decree were interlocutory, or if final but not signed and enrolled, it might be reversed or impeached *upon petition for rehearing. Ibid.*, 1724. (Note 1.) In the United States, and particularly in North Carolina, decrees in equity are matters of record and are decreed to be enrolled as of the term at which they are rendered. *Ibid.* (Note 1.) The Judges of probate are required by law to keep a record in which shall be recorded all orders and decrees passed in their office which they are required to make in writing. Bat. Rev., ch. 90, § 12, (3). Hence this decree was enrolled. The proceeding here is an original bill. *Kincaid* v. *Conally,* Phil. Eq., 108; *Ibid.,* 64 N. C., 387. See also Freeman on Judgments; *Tyler* v. *Walker,* 1 Heisk., (Tenn.), 734.

In cases in our state reports where relief against decree, void for irregularity or fraud, by motion in the cause is to be had, it appears that decree had not been satisfied, and cause was retained for further orders. Following were reviewed by counsel: *Pearson* v. *Nesbit,* 1 Dev., 315; *Crumpler* v *Governor, Ibid.,* 52; 3 Dev., 149 and 242; *Keaton* v. *Banks,* 10 Ire., 381; Phil. Eq., 108; 63 N. C., 564; 65 N. C., 54 and 96; 70 N. C., 167; 71 N. C., 236; 72 N. C., 575; *Wolf*

v. *Davis*, 74 N. C., 597; *Moore* v. *Gidney*, 75 N. C., 34; 75 N. C., 219; *Chambers* v. *Penland*, 78 N. C., 53; *Lord* v. *Beard*, 79 N. C., 5 and 14. Relief sought by civil action where judgment has been satisfied. *Covington* v. *Ingram*, 64 N. C., 123; *Doyle* v. *Brown*, 72 N. C., 393 and 125; 73 N. C., 303.

Ruling third is also erroneous. A wife may be sued alone in certain cases. C. C. P., § 56; 64 N. C., 578; 71 N. C., 297; 70 N. C., 670. In last case the, general rule is said to be that husband must be joined, but when suit concerns her separate estate she may sue alone. In all other cases husband must be joined and served with process. Counsel commented upon *Pippen* v. *Wessom*, 74 N. C., 437; *Harris* v. *Jenkins*, 72 N. C., 183. Judgment against married woman is void. *Morse* v. *Tappan*, 3 Gray, 411. If judgment against Mibra Gulley is held to be void under the cases cited, there is no need of a direct proceeding to impeach it. That may be done collaterally.

Upon the facts alleged in pleadings with reference to service of process on infants. See C. C. P., § 59; Acts 1871–'72, ch. 95, § 2; Acts 1870–'71, ch. 233, § 3. There should have been personal service on infants. *Allen* v. *Shields*, 72 N. C., 504; Bat. Rev., ch. 45. And judgment as to them is also void.

*Messrs. D. G. Fowle, Battle & Mordecai* and *G. H. Snow*, for defendants:

The question is one of jurisdiction: The petition of the administrator asking appointment of guardian *ad litem* is regular. Acts 1870–'71, ch. 233, § 3. Service on Mibra Gulley alone was sufficient. Bat. Rev., ch. 17, § 82.

Acts of *femes covert in pais* may be void, yet do not impair conclusive force of judgments to which they are parties, (Freeman on Judgments, § 150,) and judgment cannot be set aside without establishing such facts as would entitle

applicant to relief independent of the fact of coverture. Judgment in special proceeding regular upon face of record; the remedy of one whose rights are affected by it is to move upon notice to strike it out; no separate action allowed. *Dick* v. *McLaurin*, 63 N. C., 185; *Mason* v. *Miles*, *Ibid.*, 564, and cases in 64 N. C., 69; Phil. Law, 304; 69 N. C., 406. The court giving the judgment can alone set it aside. *Reid* v. *Kelly*, 1 Dev., 313; *Keaton* v. *Banks*, 10 Ire., 381. After judgment performed, no motion in cause can be made by party whose rights are affected, except in the court rendering the judgment. *Blythe* v. *Hoots*, 72 N. C., 575, and 65 N. C., 96; 71 N. C., 236.

The circumstances which gave court of equity jurisdiction to relieve against judgments in court of law, are explained in *Kincaid* v. *Connaly*, 64 N. C., 387, but upon examination it will be seen that section 133 of the code now provides for such cases, except perhaps for fraud, and no fraud is charged in this case.

DILLARD, J. The case made by the pleadings in legal substance is that Thomas C. Nichols, in February, 1863, conveyed the land in controversy to the defendant George W. Thompson, and in a short time went into the army and died, and Mibra his widow, since then intermarried with George W. Gulley, after the conveyance aforesaid, purchased the said land from Thompson with money furnished her by her father as a separate estate for herself with remainder in fee to her children, who are co-plaintiffs in this action. She had no deed executed by Thompson, making estates as was designed, but merely had him to surrender the deed made to him by Thomas C. Nichols, which had never been registered, and she thereafter kept the said deed in her possession, and lived on the land with her children, believing that the land belonged to her and them, without any suspicion of its possible liability to pay the debts of Thomas

C. Nichols, and without any knowledge whatsoever of any proceedings had or threatened for that purpose.

It is alleged that matters thus stood until early in 1873 when E. O. Macy having become administrator on the estate of Thomas C. Nichols, as it is charged, at the procurement of Sol. J. Allen, a near neighbor, who well knew of the equitable title of Mibra and her children, filed his petition in the probate court for a license to sell the land to pay the debts of Thomas C. Nichols; and it is averred that although the probate court had jurisdiction of the subject matter, yet the proceedings were not such as to give that court jurisdiction of the persons of Mibra and her children. It is particularly charged that the summons issued in the cause was returned unexecuted on George W. Gulley, with whom by this time Mibra had intermarried, and that no other summons or publication as a substitute therefor was ever issued or made as to him. That the summons was returned served on her the said Mibra, but in truth and fact was not, until after the sale of the land; and as to the infant children, no service was made on them, and having no general guardian, one Whitaker was appointed a guardian *ad litem* before the petition was filed, on the nomination of Macy the administrator, who had no acquaintance with his wards, and he without any conference with their friends or inquiry into their case, forthwith accepted service and filed an answer prepared for him by Macy or by his counsel, assenting to the sale. And it is represented that in the cause thus constituted in court, a sale was decreed and had, sale reported and confirmed, purchase money paid by Sol. J. Allen and title executed to him, who purchased and afterwards conveyed a few acres to C. C. High, both having notice of the equitable title of the plaintiffs, and the said Allen having fraudulently procured the sale to be made, that he might become the purchaser, the whole thing being conducted

through, without any· knowledge thereof, it is alleged, by the said Mibra and her children.

Upon the sale coming to the notice of said Mibra and after everything was done and accomplished under the special proceedings in the probate court, she and the said infants by a regular guardian instituted this action in the superior court, returnable to term. And upon the facts hereinbefore recited, they seek to have a declaration of trust by the court of the legal title in Thompson by the deed surrendered by him which has been registered, and title executed to them according to their rights respectively, and to impeach the decree and sale in the probate court, and have the same held inconclusive, on the ground of the cause not being duly constituted in court, or at the least, of preventing an unconscientious use of it by Sol. J. Allen and C. C. High claiming under him, on the ground of its being contrived and fraudulently procured by arrangement between them and Macy, the administrator, and of the purchase being made with notice of the equitable claims of the plaintiff.

We think the superior court had jurisdiction of the action. The purchase of the land from Thompson as a separate estate, with money furnished to Mibra by her father, if true as alleged, entitled her to have legal estates created by a proper deed, to herself for life, remainder to her children. But that not being done, and the deed that was surrendered being since registered, the legal title is now in Thompson and it is competent to a court having equitable powers to declare him a trustee, and to decree the execution of title and at the same time to declare the title of Allen and High null and void, or at the least to adjudge it inoperative from the fraudulent procurement of the sale and a purchase with notice.

Certainly, if no sale had ever been made by decree of the probate court, Mibra and her children would have had the right, and could have enforced it, to have had the title ex-

ecuted to them by Thompson. And although a sale has been had, and apparent title acquired under the decree of that court, still if the fact be true on which the equity arises, the superior court had the jurisdiction by construction to declare the trust and to enforce it, and no other court had. The court of probate may have had the power while things were *in fieri* and perhaps when ended, by motion in the cause, to set aside the sale and put the parties *in statu quo*, but it had not the power either when the cause was pending, nor now, that it is ended, to adjudge a trust against a stranger and enforce it, nor adjudge a trust *ex delicto* in Allen and High, if any title is held to be in them.

In the case of *Oliver* v. *Wiley*, 75 N. C., 320, the action was brought in the superior court for an account and settlement, and on the facts set out, there was a necessity to enforce an express trust, and also to declare and enforce some constructive trusts arising *ex delicto;* and it was objected that the probate court had jurisdiction and not the superior court. This court in answer to the objection say: "The probate court has no jurisdiction to enforce a trust created by contract and not arising out of the official duty of an executor, or a constructive trust arising out of fraud or the like." And they held "that when the superior court had jurisdiction over one main ground of relief, it is not obliged to dismiss the case but will go on and give full relief."

In *Dula* v. *Young*, 70 N. C., 450, the administrators sold a tract of land belonging to their intestate under the decree of the probate court, and pending the proceedings, the heirs at law sued in the superior court to have a trust declared of the legal title to their own use as heirs to their mother, on the ground that the same had been bought with the proceeds of her land and the title was to have been taken in her name. The superior court retained the case and did not dismiss the parties to the probate court to assert their claim in the pending special proceedings.

In *Johnson* v. *Jones,* 75 N. C., 206, the heirs at law of John Turnage after a decree of sale was had to sell the lands described, brought their suit to enjoin the sale, upon the allegation that the outstanding judgment against the estate in favor of one Grimsley had been confessed by the administrator collusively; and the court held that the remedy by motion in the cause must be confined to the parties to the cause; and Grimsley being a stranger thereto they might proceed in the superior court by a separate action.

It being thus seen that the superior court had a clear ground of jurisdiction, to what end should the parties have been sent to the probate court? The relief sought was a declaration of trust as against Thompson, who was not before that court, or if the title be held to be in Allen and High as purchasers under the decree, then against them upon the ground of a purchase with notice and upon a collusive arrangement with Macy; and obviously under the authorities above cited, the probate court had not a jurisdiction which extended to the merits of the case, and the superior court should have gone on and given relief. It is argued, however, that the decree and sale were in a cause to which Mibra and her infant children were parties and that the legal operation thereof is to conclude and estop them from the assertion of any title otherwise derived than by descent from Nichols.

Mibra was a married woman at the time the proceedings in the probate court were begun, and being so, at law, she was under a disability to be sued except joined with her husband. And so also in equity she could not be sued without having her husband joined, with an exception in case he was out of the country and not capable of being served with process, when the practice was to join him for conformity and proceed by leave of the court. But under our code, section 56, the law is mandatory, that the husband must be joined, except she may be plaintiff alone in an ac-

tion concerning her separate property; and when the action is between herself and husband, she may sue him and be sued by him. This language is plain and explicit, and recognizes the common law idea, that the wife's existence is merged in the husband, and that she hath not capacity to protect her own interests, and therefore within the spirit of the rule, an effort should have been made in the modes prescribed by law to bring him into court, that is, by summons served or by publication, and on failure in this way to get him before the court, then perhaps the court would have allowed the case to proceed without the husband. But it was not so done. The summons issued was returnable at twenty days, and yet was returned before the time. No second or *alias* was ever issued; no publication was ever made; no leave was obtained to proceed without the husband; and in such case, there was not as it seems to us such jurisdiction of the person of the said Mibra as to conclude or affect her rights. But, however this may be, there is still the allegation that the return of service by the sheriff on Mibra is untrue; and if it should so appear on the investigation as a ground of impeachment of the decree, then most clearly the entire proceedings would be void as being had against her without a day in court. *Rowland* v. *Perry*, 64 N. C., 578; *Harris* v. *Jenkins*, 72 N. C., 183; *Doyle* v. *Brown, Ibid.*, 393; *Stallings* v. *Gully*, 3 Jones, 304.

As to the infants, the defence that was made for them was nothing more than a defence in name. The law, in its care of the rights of infants, and to the end to protect their lands from being improperly sold on the petitions of administrators to make assets, provides the safeguard of a guardian *ad litem;* and by chapter 233 of acts of 1870-'71, under which the guardian was appointed in this case, in order that the defence made might not be hasty or inconsiderate, it was enacted that the guardian should be served with summons and a copy of the complaint, and at the end of twenty days

file his answer, with provision for the allowance of fee to . legal adviser out of the ward's estate.

In this case the allegation is that the guardian was appointed before petition for decree to sell the land was filed, and was a person selected by Macy without any acquaintance with his wards, and he accepted service as soon as petition was filed, and forthwith filed answer without inquiry into the interests of the wards, which was prepared by Macy or at his instance. And upon the supposition of the truth of the allegation, there was no defence made in the eye of the law, and the purchaser buying under proceedings thus irregular must be held to take subject to the risk of having the sale set aside. *Moore* v. *Gidney*, 75 N. C., 34.

In our opinion therefore the special proceeding being ended, and everything done under it, which was intended, and the legal title being in Thompson, and new rights claimed by Allen and High, the action was properly brought to the superior court at term, in analogy to a bill in equity, with the double view to have a declaration of trust of the legal title to the use of plaintiffs, and to vacate and annul by decree all claims of Allen and High as purchasers with notice of plaintiff's equity and upon an alleged collusion between them and E. O. Macy the administrator of Nichols.

There is error in the judgment of non-suit pronounced in the court below, and the same is reversed. This will be certified that further proceedings may be had in conformity to this opinion.

Error.                                                        Reversed.