JAMES H. WAHAB and wife v. WILLIAM B. SMITH.

*Probate Court—Jurisdiction—Special Proceedings.*

The probate court, and not the superior court at term, has jurisdiction under section 422 of the code to correct a mistake in partition proceedings in which there is no peculiar equitable ingredient.

(*Jarman* v. *Saunders*, 64 N. C., 367; *Hyman* v. *Jarnigan*, 65 N. C., 96; *Blythe* v. *Hoots*, 72 N. C., 575; *Shearin* v. *Hunter*, *Id.*, 493; *Lovinier* v. *Pearce*, 70 N. C., 167; *Oliver* v. *Wiley*, 75 N. C., 320; *Johnson* v. *Jones*, *Id.*, 206; *Gulley* v. *Macy*, 81 N. C., 356, cited, distinguished and approved.)

CIVIL ACTION tried at Fall Term, 1879, of HYDE Superior Court, before *Gudger, J.*

The defendant demurred to the complaint upon the ground that the superior court had no jurisdiction. The demurrer was sustained and the plaintiffs appealed.

*Messrs Gilliam & Gatling,* for plaintiffs.
*Mr. Jas. E. Shepherd* for defendant.

DILLARD, J. The feme plaintiffs,. Emma, Desdemona and Laura Smith, were tenants in common with defendant of the tract of land described in the complaint; being entitled, the said Emma, Desdemona and Laura each to one-sixth, and the defendant to three-sixths or one-half; and by proceedings in the probate court, partition of said land was made and concluded according to the several interests or shares therein. After partition was fully accomplished as aforesaid, the male plaintiff acquired by purchase and conveyance the shares allotted to Desdemona and Laura, and thereby he and his wife together became entitled to one-half of the tract, and thereupon the present action was brought returnable to the superior court at term.

The case made by the complaint is, that in the proceedings for partition the commissioners appointed for that purpose made the division by carving out three separate sixth parts and assigning the same to the feme plaintiff and to Desdemona and Laura, and appropriating the residue, being one-half, to the defendant; and it is averred that the partition was by mistake made of the tract on the supposition that the area contained one hundred and twenty-six acres, whereas in point of fact it contained one hundred and and forty-five acres. That by this means the plaintiffs have failed to get their shares in the tract, and the defendant has more than his one-half interest by nineteen acres, which ought to have been taken into the estimate by the commis-

sioners, but was not.    Plaintiffs allege that the surveyor and commissioners acknowledge their error and are willing to rectify it, but the defendant refuses to assent to the correction; and they conclude their complaint with the specific prayer that the mistake may be corrected and that they may be allowed one-half in value of the whole tract, and to this end, that it be referred to the former commissioners to correct the error in their report, and that the partition when corrected may be established and made final by the judgment of the court.

To the complaint, the defendant interposes a demurrer on the ground specially assigned, that the superior court has no jurisdiction of the matter, and on the argument the judge of the court below sustained the demurrer and dismissed the action, and from this judgment the appeal is taken.

On the calling of the appeal for trial in this court, we were not favored with an argument in support of the jurisdiction of the action by the superior court, but the case is submitted with an intimation of impression against the jurisdiction, and therefore it is, that we do not give to the point made such a full investigation as we otherwise might have done, but on such consideration as we have been able to give to the subject, it seems to us that the demurrer was well taken, and that there is no error in sustaining the same.

By chapter 84 of Battle's Revisal, a petition for partition is a special proceeding and is within the original jurisdiction of the probate court.    Taking the facts stated in the complaint to be true, it appears that the proceedings had for partition between the plaintiffs, and those they represent, and the defendant, were had in the proper court and were regularly ·conducted through all the stages—of decree of partition, partition reported, and confirmation of report.

By section 422 of the code of civil procedure, in the enu-

meration of powers conferred on the probate court, power is expressly given to the probate judge " to open, vacate, modify, set aside or enter, as of a former time, decrees or orders of his court in the same manner as courts of general jurisdiction."

From these provisions of the law, if any mistake was made in the partition to the detriment of the plaintiffs as alleged, it would seem clear that there is a power of correction in the same court in which the mistake was made. To the probate judge is given power to deal with decrees and orders in a cause "*in the same manner as courts of general jurisdiction.*"

Under our former system of courts of law and courts of equity, the judgment of a court of law regularly entered, was in the breast of the court, and alterable at any time during the term at which it was rendered, and if not so altered it could not be afterwards interfered with in the same court. But under our present system, the courts of probate as well as the superior courts, within the sphere of their respective powers, exercise the jurisdiction of both a court of law and a court of equity. From this union of powers, it results, that although the partition proceedings were finished, the probate court was authorized by the appropriate proceeding in the cause to hear complaint of the alleged mistake and to deal with the final and other decrees in the cause in the manner of other courts of general jurisdiction, as the justice of the cause might require. In the superior courts, being courts of general jurisdiction, after the regular rendition of judgment in a cause and the term is ended, it is competent to set aside or otherwise relieve against it at a subsequent term for any sufficient cause which by accident or fraud was not availed of before its rendition. And it is settled that the manner of the exercise of such jurisdiction is by petition in the cause and not by a new and independent suit. *Jarman* v. *Saunders*, 64 N. C., 367. In this man-

ner, power is given to the probate judges to deal with decrees and orders in their courts, and such has been uniformly the practice as will appear in divers cases : In *Hyman* v. *Jarnigan*, 65 N. C., 96, after the sale of the land for assets and the cause ended, the heirs moved in the superior court to set aside the sale on the ground of inadequacy of the price, and that court overruled the motion on the ground that the matter was cognizable in the probate court, and the ruling was affirmed in this court. In *Blythe* v. *Hoots*, 72 N. C., 575, after final decree and execution thereof, one of the executors was entertained in the probate court on petition to move to set aside the orders in the cause, and on appeal to this court it was held proper. And to the same effect are *Shearin* v. *Hunter*, 72 N. C., 493 ; *Lovinier* v. *Pearce*, 70 N. C., 167, and other cases.

It is true there are some cases in which the remedy, by motion in the original cause, in the probate court, was not required to be resorted to, and the actions brought to the superior court were retained and proceeded with to judgment, but such cases, on examination, will be found to contain peculiar equitable ingredients, such as the enforcement of a trust by contract, the declaring and enforcing trusts arising *ex delicto*, and relief sought by a person not a party to the special proceeding. *Oliver* v. *Wiley*, 75 N. C., 320 ; *Johnson* v. *Jones*, *Id.*, 206 ; *Gulley* v. *Macy*, 81 N. C., 356.

Manifestly, this action of the plaintiffs shows forth no special ground for jurisdiction in the superior court. Theirs is a case between the same parties in relation to the same subject matter, and the injury (if any was sustained in the partition) consisted merely in a mistake in the report of the commissioners, for the correction of which ample powers have been conferred on the probate court. We are of opinion there is no error in the judgment of the court below on the demurrer, and the same is affirmed.

No error.                                           Affirmed.