G. V. HARDEE, Administrator of J. R. J. DANIEL *v.* R. E. WILLIAMS and others.

If a petition be filed by an administrator for the sale of land for the payment of the debts of the intestate, and the heir-at-law be made a party defendant, and the Court adjudges that the sale is necessary and orders it, the heir-at-law will be estopped to deny the title of his ancestor, whether the order was made after a defence, or by confession or default ; but, if the heir die insolvent, so that it becomes necessary to sell his land to pay his debts, then as the estoppel could only operate as a conveyance and would be liable to be impeached by creditors as voluntary and therefore fraudulent as to them, his administrator as representing creditors, has the right to impeach it on the same ground as not binding on him.

A proceeding to restrain the operation of a judgment to sell lands for the payment of the debts of an intestate as an estoppel against the administrator of an heir-at-law whose land is required for the payment of his debts should be commenced in the Superior Court. But if such personal representative had commenced proceedings for the sale of the land in question for the payment of the debts of the heir in the Court of Probate and the administrator of the ancestor plead his judgment as an estoppel, the plaintiff may in that Court reply the fraud which would be produced by allowing the judgment to operate as an estoppel ; and the Court of Probate might thus retain the jurisdiction of the cause which it had originally acquired.

The cases of *Haines* v. *Dalton*, 3 Dev. 91 and *Garrett* v. *Shaw*, 3 Ire. 295, cited and approved.

This was a special proceeding by an administrator for the purpose of obtaining an order to sell land for the payment of the debts of his intestate, commenced in the Court of Probate for the County of HALIFAX. A question of law having arisen in the course of the proceedings, it was sent to his Honor Judge *Watts,* who having decided in favor of the plaintiff, the defendants appealed to the Supreme Court. The case will be found to be sufficiently stated in the opinion of the Court.

*Rogers & Batchelor,* for the defendants.
*Bragg & Strong,* for the plaintiff.

RODMAN, J.   This is an action commenced in the Probate Court of Halifax, in which the plaintiff, Hardee, as administrator of J. R. J. Daniel, alleging that the personal estate of his intestate is insufficient to pay his debts, and that he was seized at his death of a certain piece of land called the "Rich Neck Farm," demands judgment that the plaintiff be allowed to sell the same to pay the debts.

The heirs-at-law of the intestate either consent to the sale or make no answer.

The defendant, R. E. Williams, answers and pleads as an estoppel, to-wit: that he is administrator of W. A. Daniel, who died sometime in 1866 or 1867, and that, as such administrator, he filed his petition in the County Court of Halifax, returnable to February Term, 1868, in which he set forth that the said W. A. Daniel died seized in fee of the said lands ("Rich Neck Farm"); that his brother, Junius Daniel, was his heir; that Junius died intestate before the filing of the petition; that the above named J. R. J. Daniel, the father both of W. A. Daniel and of Junius Daniel, was the heir of Junius; that the said lands descended upon him as heir; that the personal estate of W. A. Daniel was insolvent; and prayed for process against the said J. R. J. Daniel; and for an order allowing him (R. E. Williams) to sell said lands to pay the debts of his intestate, W. A. Daniel; that the said J. R. J. Daniel admitted in writing service of process in that action; that he made no answer to the petition, but permitted judgment to go by default, and that at February Term, 1868, the said County Court ordered the said Williams, as administrator of W. A. Daniel, to sell said lands as prayed for; that he accordingly sold the same to one Solomon Williams; afterwards the said J. R. J. Daniel died intestate as above stated; R. E. Williams, administrator, reported the sale to the Court, but the same has not yet been confirmed, and process has issued to bring in the heirs of J. R. J. Daniel.

The facts of the plea were proved, or admitted, and the .question is, whether they constitute an estoppel against the plaintiff, the administrator of J. R. J. Daniel, from setting up title to the land. In the view we take of the case, no question is presented as to who was the owner of the land independently of the estoppel.

The general principle that the judgment of a Court of record estops all parties to the action, and their privies afterwards, to deny any matter which was put in issue and adjudged in the action; (notes to Duchess of Kinston's case, 2 Smith's L. C. 442,) is not denied. But the plaintiff contends that he is not in privity with J. R. J. Daniel in respect to his real estate, and therefore he is not estopped from showing that the title to the land was not in W. A. Daniel, as adjudged in the former action, but was in his intestate J. R. J. Daniel.

Privies are divided by Lord Coke into four classes: 1, Privies in estate; 2, Privies in blood; 3, Privies in representation, as executors of the testator; 4, Privies by tenure. 2 Thomas, Coke, 506. "The doctrine of estoppel, however, so far as it applies to persons falling under each of these three denominations, applies to them on one and the same principle, namely: that a party claiming *through* another is estopped by that which estopped that other, respecting the same subject matter." 2 Smith's L. C., 442.

" The term privity denotes mutual or successive relationship to the same rights of property." 1 Greenleaf's Ev. 189.

We consider that an administrator is a privy in representation as to the lands, whenever the circumstances exist which entitle him to file a petition for the sale of them. Rev. Code, chap. 46, sec. 44, &c., authorizes an administrator, upon the insolvency of the personal estate, to file a petition against the heirs, and a sale made by him under the order of the Court passes to the purchaser the estate which had in the meanwhile descended to the heirs. The administrator

acts under a statutory power, and the purposes of the statute require that he as well as the heirs should be bound by the acts of the intestate respecting the land, with a single exception only, presently to be noted. That this would be true in the case of a conveyance of the land by the intestate, cannot be doubted, and it seems equally clear in the case of an estoppel which (if the title was not really in the party estopped) has the effect of a conveyance.

In the case of the judgment here pleaded as an estoppel, the ownership of the land by W. A. Daniel and its descent to J. R. J. Daniel, were necessarily alleged in the petition of the plaintiff in that action, (the present defendant Williams,) and were necessarily passed on by the Court.

The judgment it is true was by default; but we cannot conceive that a party is less estopped by a judgment confessed, or which he permits to go by default, than he would be by a judgment rendered on a verdict. All the elements required to constitute an estoppel as between parties and privies seem to exist here, and we think that the administrator of J. R J. Daniel cannot, so long as the judgment against his intestate stands, collaterally deny or impeach the facts declared by such judgment; subject, however, to what we now proceed to say.

The plaintiff contends, that the estoppel set up by the plea operates in the nature of a conveyance, and that like any other conveyance which had been made by J. R. J. Daniel, it must be open to be impeached by his creditors as being voluntary, and therefore fraudulent as to them; and that by virtue of Rev. Code, ch. 46, sec. 53, it is open to the administrator of J. R. J. Daniel as representing his creditors to impeach it on the same ground. In this we agree with the plaintiff. Of course we do not mean to express any opinion as to whether fraud existed in this case or not; that question is not before us. But while we concede the general principle for which the plaintiff contends, it seems

clear to us that he cannot avail himself of it in the present state of the pleadings. No fraud of the nature now suggested is alleged in the complaint in this action. Perhaps it could not have been in a proceeding before the Probate Judge whose jurisdiction, although it extends to the case made by the plaintiff; probably would not extend to a proceeding begun directly for that object, to restraining the operation of the judgment pleaded, on the ground of fraud. We are inclined to think that any direct proceeding for that purpose must be in the Superior Court. The object of such an action in the Superior Court would not be to set aside or vacate the judgment in the County Court for any irregularity in the rendering of it, but to restrain the parties to it from using it inequitably against the creditors of J. R. J. Daniel, or against his administrator representing them. We think also, it would have been competent to the plaintiff in the present proceeding, to have replied to the plea of the defendant, Williams, alleging the estoppel; that the judgment pleaded was fraudulent as to the administrator of J. R. J. Daniel. The Probate Judge having jurisdiction of the principal matter, must necessarily have had jurisdiction of any incidental questions necessary to its determination. This principle was considered settled under our former system of Courts as applicable to Justices of the Peace. *Haines* v. *Dalton*, 3 Dev. 91. *Garrett* v. *Shaw*, 3 Ire. 395.

But the plaintiff does not reply the fraud. It is not anywhere alleged, and the defendants have had no opportunity to controvert it. On application to the proper Court the plaintiffs may be allowed to amend their pleadings.

There is error in the judgment below, which is accordingly reversed.

Let this opinion be certified to the Superior Court of Halifax, that it may proceed, &c.

PER CURIAM.                    Judgment reversed.