SARAH H. DULA and another *v.* ZEPHANIAH YOUNG and C. W.
CLARK, Adm'rs., &c,

It is prejudicial to the rights of the plaintiffs, for the presiding Judge
on the trial below, to charge the jury that "the plaintiffs are not en-
titled to recover in any event, and if the issues were found in their
favor, he would set aside the verdict," and afterwards to submit the
issues to be passed upon by the jury to "say how the matter was."

Where there was an agreement between a husband and wife that if the
wife would join him in a conveyance of a certain tract of land
descended to the wife from her father, she should have another tract
in lieu of the one so conveyed: *Held,* that when the husband received
the money for the land conveyed as before set out, he held it upon
trust for his wife, and that his estate became responsible therefor.

*Held further,* that the heirs at law of the wife are entitled to the land
agreed to be substituted for that of the wife, free from the incum-
brance of the husband's debts.

( *Smith* v. *Smith,* Winst. Eq. 30, cited and distinguished from this.)

CIVIL ACTION, to recover a tract of land, tried at the Fall
Term, 1873, of WILKES Superior Court, before his Honor,
*Judge Mitchell* and a jury.

The plaintiffs, children and heirs-at-law of John Wither-
spoon, the intestate of the defendant, Clark, and his wife
Elizabeth, allege that in 1842, their ancestor John was seized,
in right of his wife, of a tract of land, known as the "Calloway
tract," which he sold, and in order to obtain the consent of his
wife to the sale, agreed, if she would sign the deed conveying
the Calloway tract, that he would purchase for her the Elk
farm tract, which should be substituted for the other, which
had descended to her from her father. John Witherspoon
took the deed in his own name, not mentioning or in any
manner attending to the agreement with his wife, which was
not reduced to writing. Upon his death, his administrator, the
defendant Clarke, sold the Elk Farm tract, with his other real
estate, to pay debts, and Young, the other defendant in this
action, became the purchaser. The plaintiffs demand that this
agreement between their father and mother should be set up,
and that the Elk Farm tract should be declared to be their
property, as heirs of their mother, and not subject to the pay-
ment of their father's debts.

The defendants deny the material allegations of the plaintiffs'
complaint, and rely upon the Statute of Frauds to prevent
their recovery.

On the trial the following issues were submitted to the jury:

1. Did John Witherspoon enter into an agreement with his
wife, Elizabeth, that if she would convey the Calloway tract
of land, and join him in a deed therefor to Prudence Calloway,
the heir-at law of William Howard, that she should have the
Elk Farm tract, (the same sought to be recovered in this action,)
as a substitute and in lieu thereof, as her own land?

2. If such agreement was made, was there any note or
memorandum in writing of the same signed by the party to
be charged therewith?

3. Was the consideration paid for the Calloway land to John
Witherspoon, and used by him in the payment of the Elk
Farm tract?

There was evidence tending to prove that the contract of

the sale of the Calloway land by John Witherspoon and his purchase of the Elk Farm land was at the same time. The dates of the deeds were as follows : the deed of the Elk Farm land is dated in February, 1841 ; the deed given by himself and wife for the Calloway tract is dated in 1848, a suit concerning the latter pending between those dates.

It was conceded by plaintiffs that there was no evidence of any contract in writing, and the jury might find that issue for defendants.

After the evidence had been submitted and the argument closed, the Court informed the jury that the plaintiffs were not entitled to recover in any event; and if the issues were found for the plaintiffs, he would set aside the verdict. Afterwards his Honor said to the jury, that they could take the issues and pass upon them, and say how the matter was. Thereupon the jury returned a verdict finding the first issue in favor of the plaintiffs and the second and third in favor of the defendants.

The plaintiffs then asked for a new trial on the third issue, because the Court had intimated how the jury should find the first, which motion was refused. The plaintiffs then requested that the Court would declare the rights of the plaintiffs on the facts admitted and the finding of the jury. The Court refused, intimating that the plaintiffs were entitled to no relief of any sort. Plaintiffs appealed.

*Caldwell* and *Smith & Strong*, for appellants.
*Folk* and *Armfield*, *Collins* and *McCorkle*, contra.

SETTLE, J. We do not think that the plaintiffs have had fair measure. After the evidence had all been submitted and argued to the jury, the Court told the jury "that the plaintiffs were not entitled to recover in any event, and if the issues were found for the plaintiffs he would set aside the verdict." Afterwards the Court said, "the jury can take the issues and pass upon them and say how the matter was."

This manner of submitting the issues was calculated to throw the jury off their guard and to prejudice the rights of the plaintiffs.

Why consider the evidence with that care and attention which properly belongs to all jury trials, if their findings are to have no weight with the Court, but are to be set aside in any event?

But even under this unfavorable charge, the jury have found that "that John Witherspoon did enter into an agreement with his wife Elizabeth, that if she would convey the Calloway tract of land, and join him in a deed therefor to Prudence Calloway, the heir-at-law of William Howard, that she should have the Elk Farm tract (the same now in suit) as a substitute and in lieu thereof, as her own land."

And now John Witherspoon and his wife Elizabeth both being dead, the Elk Farm has descended to the plaintiffs in this action, who are the heirs-at-law of both the said John and the said Elizabeth.

By act of law the legal estate of the father and the equitable estate of the mother have united in their children and heirs-at-law, so that the lands are now just where they would have been had everything been done which ought to have been done; that is, if the Elk Farm had been settled upon the wife in lieu of her Calloway lands. When John Witherspoon received the money for the Calloway lands, he held it upon trust for his wife, and his estate became responsible to her for that amount.

This was a constructive or implied trust, such as is raised between persons who are brought together into a relation implying confidence, and is embraced by the statute of frauds. The authorities cited on the argument by Mr. Smith, and many other cases, show that the Courts will enforce parol agreements between the husband and wife, especially when the wife is not a mere volunteer. The demand of Elizabeth Witherspoon did not rest upon the moral duty or voluntary bounty of her husband, but having parted with her own lands,

she was entitled to say, I have paid *valuable consideration*, there has been the utmost good faith on my part, and, like any other creditor, I must have money or property sufficient to pay my debt.

The case most relied upon by the defendants' counsel to defeat this view is *Smith* v. *Smith*, 1 Winston Eq. 30; but the plaintiffs here are not seeking to have a specific performance, as in that case, so as to be met by the statute of frauds, but the law having cast the descent upon them, in Confederate phrase, they only " wish to be let alone."

While it was held in *Smith* v. *Smith*, that the wife was not entitled to a specific performance of the contract between herself and husband, yet the Court says, " We think the wife is entitled under the contract to the proceeds of her land which was sold in consequence of it, subject to the interest which her husband, as such, had in the land,        *        *        *        *
So far as it entitles her to the money for which her land was sold, the contract must be considered in this Court as having been executed at the time when the price of the land was received by her husband."

The pleadings show that the Elk Farm has been sold upon the petition of the defendant Clarke, the administrator of John Witherspoon, to pay debts, and that the sale has been reported to Court, but that it has not been confirmed, " and that the order of sale was made without prejudice to the plaintiffs' claim."

We declare our opinion to be, that the plaintiffs are entitled to the lands in controversy, free from the demands of Clark, the administrator, and all who claim under him.

Let this be certified, to the end that the Superior Court may proceed according to law.

Judgment reversed and case remanded.

PER CURIAM.                                    Judgment reversed.