SOLOMON HOUCK et al. v. M. V. ADAMS.

*Presumptions—Limitations—Mortgages—Disabilities.*

1. The statute (Rev. Code, Ch. 65, Sec. 19,) providing that " the presumption of payment or abandonment of the right of redemption of mortgages and other equitable interests shall arise within ten years after forfeiture," &c., contains no saving clause in favor of persons under disabilities.

2. When the facts are ascertained the presumption becomes a conclusion of law, to be enforced by the Court and not left to the jury.

(*McDonald* v. *Carson,* 94 N. C., 497; *Campbell* v. *Brown,* 86 N. C., 376; *Headen* v. *Womack,* 88 N. C., 468, and *Perry* v. *Jackson,* Ibid., 103, cited).

CIVIL ACTION, tried before *MacRae, Judge,* at Spring Term, 1887, of ASHE Superior Court.

Plaintiffs and defendant each claimed the land in dispute through one David Houck, Sr.,—the plaintiffs as his heirs-at-law—the defendant as heir-at-law of James Calloway, under a deed dated February 22d, 1845, executed by David Houck, Sr., to said Calloway.

The deed from Houck to Calloway was made to secure the payment of the sum of money therein mentioned within four years from its date, and provided that: "If the said David Houck, Sr., fails to pay and satisfy to the said James Calloway, his heirs or legal representatives, the said sum  *  * then he shall in that case lose his equity of redemption, and no need of foreclosing the mortgage."

It was in evidence that David Houck, Sr., died in 1847, 48, 49 or 50, and that David Houck, Jr., leased the land of James Calloway, the ancestor of the defendant, under whom she claims, in 1855, which lease was in writing, and by renewal, in writing, was continued to the end of the year 1858.

That one of the plaintiffs, Sol. Houck, was in possession of part of the land for about three years, 1867, '68 and '69, when he and David Houck, Jr., were turned out of possession by James Calloway, " who and the defendant have remained in possession till the commencement of this action." (Evidently meaning that the former remained till his death, and after that the defendant).

The only testimony as to the time of the death of David Houck, Sr , was that it occurred in 1847, or 1848, or 1849, or 1850.

There was evidence tending to show that defendant and those under whom she claimed were in possession of the land in controversy more than ten years after the execution of the mortgage and after the debt became due, (exclusive of the period between May 20th, 1861, and January 1st, 1870).

It was also in evidence that one of the *feme* plaintiffs, Sally Miller, was married at the age of eighteen years, is now sixty-one years of age, and she and her husband are still living; that another of the plaintiffs, Milly Ray, is six or seven years younger than Sally Miller; that she was married during the war, at the age of nineteen, and her husband has been dead six or seven years.

As affecting the question of the disability of these plaintiffs during the period of the alleged possession of the land by the mortgagee, they asked that an issue be submitted as to the time when David Houck, Sr., died. This was refused by his Honor, who said, the only evidence as to the time of his death was that it was in 1847, or 1848, or 1849, and if submitted, he should instruct the jury to take it most strongly against the plaintiffs, and this would fix the time of his death in 1849.

There was no exception to the evidence or to the charge of his Honor, though both are set out at length, and the refusal to submit the issue as to when David Houck, Sr., died, is the only error assigned in the progress of the trial.

There was judgment for the defendant, and plaintiffs appealed.

*Mr. J. F. Morphew*, for the plaintiffs.
*Mr. G. N. Folk*, for the defendant.

DAVIS, J., (after stating the case). The case is governed, not by the statute of limitations, but by the statute of presumptions, in force prior to August 24th, 1868. That stat-

ute (Rev. Code, Ch. 65, §19,) provides, that " the presumption of payment or abandonment of the right of redemption of mortgages, and of other equitable interests, shall arise within ten years after the forfeiture of said mortgage," &c. " The statute," says RUFFIN, J., in *Headen* v. *Womack*, 88 N. C., 468, " is so emphatically a statute of repose. that no saving is made in it of the rights of infants, *femes covert*, or persons *non compos mentis*," and the *provisos* in behalf of infants and certain other classes of persons contained in §§9 and 10 of that chapter, have no application. *Campbell* v. *Brown*, 86 N. C., 376, and the cases there cited.

When the facts are admitted or proved, the presumption " becomes a conclusion of *law from facts,* to be applied by the Court, and not left to the discretion of the jury."

The cases above cited, and the authorities by which they are supported, leave no doubt as to the construction to be placed on §19, Ch. 65, of the Revised Code. It was a statute of *repose,* and whether his Honor was correct or not—in holding that the death of David Houck, Sr., must be taken from the evidence to have occurred in 1849—the issue was immaterial, and whether answered one way or the other, could not affect the legal result.

The refusal to submit an immaterial issue, which can in no way affect the merits of the case, cannot be assigned as error. *Perry* v. *Jackson*, 88 N. C., 103 ; *McDonald* v. *Carson*, 94 N. C., 497.

In the latter case, it was said that a needless issue submitted to the jury, which could in no way be prejudicial, was not assignable as error; much less can the refusal to submit an immaterial or unnecessary issue be assigned as error.

After the trial there was a motion for a new trial, supported by an affidavit, on the ground of newly-discovered testimony, which was refused. This was a matter of discretion, which cannot be reviewed by this Court, and from which, as has been often held, no appeal lies.

Affirmed.