A. D. ALSTON, Ex'r of SARAH M. ALSTON, v. JAMES B. HAWKINS.

*Presumption of Payment—Non-residence—Insolvency—Evidence—Statute, of Limitations.*

1. If insolvency of the obligor is relied upon to rebut the presumption of payment arising from the lapse of time, it must be shown to have existed continuously during the entire statutory period.

2. The non-residence alone of the obligor is not sufficient to rebut the presumption of payment arising from the lapse of time, though evidence of that fact is competent in support of other proof, such as insolvency, to rebut the presumption of payment.

3. Where the defendant was a non-resident, and the only evidence of insolvency was a letter written by him to a person, not in any way connected with the bond sued on, from which it appeared that he was in possession of considerable property, but in which he declared that he had his property so fixed that his creditors could not disturb it: *Held* not sufficient to rebut the presumption of payment.

4. If *actual* payment is relied upon, the prohibition of the competency of parties in interest as witnesses does not apply—*aliter* where the statute of *presumption* of payment is invoked.

This is a CIVIL ACTION, which was tried before *Boykin, J.,* at September Term, 1889, of WARREN Superior Court.

The suit was upon a note, under seal, executed by the defendant to plaintiff's testatrix on 4th August, 1856. There was a payment of $100, endorsed June 1st, 1866. The defendant relied upon the presumption of payment under the statute (Rev. Code, ch. 65, § 16). To rebut the presumption, the plaintiff showed that defendant has resided in Texas since the year 1857, and introduced, after objection, the following letter written by defendant:

"CANEY POST-OFFICE, MATAGORDA CO., TEX.,
                                "March 23, 1871.

"DEAR CHARLES: I received your letter last week, requesting me to send you five thousand dollars, which is impossible for me to do. All my crop of last year will not bring more than five thousand dollars. I have not paid the thousand dollars I borrowed to send you. I promised to pay it out of last crop, which I will do. I owe other debts, but cannot pay them just now. I have had my property so fixed my creditors cannot disturb it, but I will pay every debt I owe in the world, but I must have a little time to do so. When I sell my sugar I will send you all the money I can. I expected to get some money from the bank. The suit has not been decided in the Supreme Court. I think I will recover half after awhile. I have a full supply of hands this year, cultivating all the plantation. Hope to make a good crop this year.   *   *   *

                        "Yours truly, .
                                "JAMES B. HAWKINS."

His Honor intimated his opinion that there was no evidence to go to the jury to rebut the presumption of payment, in submission to which the plaintiff suffered a nonsuit, and appealed.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.*, for the plaintiff.
*Mr. E. C. Smith,* for the defendant.

SHEPHERD, J.: "The presumption of payment arising from lapse of time under the statute is one which the law itself makes, and it has such an artificial and technical weight that whenever the facts are admitted, or established, the Court must apply it as an inference or intendment of the law; and so, too, the question whether that presumption has

been rebutted is one of law, which, when the facts are ascertained, the Court must determine, and not leave to the discretion of the jury." RUFFIN, J., in *Grant* v. *Burgwyn*, 84 N. C., 560.

It is well settled that when insolvency is relied upon to rebut the presumption, the creditor must show that it existed during the entire statutory period next after the maturity of the debt. *Grant* v. *Burgwyn, supra; McKinder* v. *Littlejohn*, 4 Ired., 198; *Walker* v. *Wright*, 2 Jones, 156.

Applying these principles to the case before us, it is clear that the plaintiff has failed to rebut the presumption of payment arising from his long inaction. Assuming that the statute did not commence to run until the 1st of January, 1870, we have a period of seventeen years in which the plaintiff has made no effort whatever to enforce the payment of his claim. The only evidence as to the insolvency of the defendant during all of these years is contained in a letter written by him on March 23d, 1871, and addressed to " Dear Charles." It does not appear that this person is in any way connected with this debt, nor does the letter so identify the indebtedness therein mentioned with the bond sued upon as to warrant us in holding that it amounts to an acknowledgment. Treating it, however, either as an acknowledgment, or more properly as evidence merely of insolvency at its date, there is no testimony as to the continuance of such insolvency during the succeeding sixteen years.

It needs not the citation of authority to show that this proof is insufficient to repel the presumption of payment. The learned counsel, however, insist that the non-residence of the defendant should have been submitted to the jury. In *Kline* v. *Kline*, 20 Pa. St., 503, WOODARD, J., in speaking of this position, says that " if it had ever been held to be, it might be doubted whether the rule ought not to be abrogated now, since the facilities of intercommunication have

multipled so wonderfully in all directions. But such a rule has never been established. The States of this confederacy are not foreign countries in respect to each other. We have a common federative head and a common constitution, which secures to the citizens of each State all the privileges and immunities of citizens of the several States. The tribunals of Ohio are as open to the citizen of Pennsylvania as his own Courts, and if he will not avail himself of his privileges he may not take advantage of his own inaction to rebut a statutory presumption of law."

In the cases cited by the plaintiff (*Armfield* v. *Moore*, 97 N. C., 34, and *Lilly* v. *Wooley*, 94 N. C., 412) there are suggestions as to the hardship of requiring a creditor to resort to a distant forum in order to collect his debt, but the statute of presumption was not then under consideration, and the remarks of the Justices who delivered the opinions, cannot therefore be regarded as authority upon the question before us.

Especially is this true when we consider that this Court has several times emphatically decided that non-residence alone is not sufficient to rebut the presumption. In *Campbell* v. *Brown*, 86 N. C., 376, RUFFIN, J., in delivering the opinion of the Court, said that the presumption of payment is one " that may be rebutted by proof of circumstances which raise a stronger counter-presumption, and, as was said in, *McKinder* v. *Littlejohn*, 4 Ired., 198, evidence of a change of residence, or even distant residence, may be received for this purpose in aid of other evidence, such as the insolvency and general destitution of the debtor. But we know of no authority proceeding from this, or any other Court, for saying that a mere change of residence is of itself sufficient wholly to prevent the presumption which the law, by an intendment of its own, raises from the lapse of the prescribed number of years, without something having

been done on the part of the creditor to enforce the satisfaction of his demand."

Although non-residence is competent, when connected with other circumstances tending to rebut the presumption, we cannot hold that it is sufficient when the only circumstance with which it is to be considered is the insolvency of the debtor for only the second year of the statutory period, leaving the preceding year, and the succeeding sixteen years, wholly unaccounted for.

The furthest that the Court has ever gone in this direction was in *McKinder* v. *Littlejohn*, 4 Ired., 198   There was evidence of the continuous insolvency of the debtor for twenty-five years, with the exception of eighteen months during the first seven or eight years, when it was shown that the defendant had property.   During this time he was a non-resident of this State   The Court said that "the circumstance of distance between the debtor and the creditor might, we think, be left to the jury, with the fact of a *continuous* insolvency during the residue of the twenty years, as some evidence that the debtor did not pay the debt during that small space of time.   *   *   *   The distance is material only as preventing the possession of property by the debtor for but a short period from counteracting the effect of insolvency as a circumstance repelling the presumption of payment.   For if the debtor, living more than a thousand miles from the creditor, and in a situation between which and the place of the creditor's residence there was but little communication, should have had in possession property of value to pay the debt but for a very short time, so that the jury should think the creditor did not know of it, and could not get payment out of that property, it might be regarded as being substantially a continued insolvency, especially where, as here, the debtor seems barely to have had possession of property without its appearing how he got it and whether he had paid for it."   It will be observed how cau-

tious the Court is in giving any efficacy to such evidence, even in a case of long and continued insolvency, and the decision is put upon the ground that, owing to the distance, the plaintiff might not have known of the possession of property by the defendant.

How different is the case before us. Here, as we have said, the only proof of insolvency are the declarations in the letter of 1871, from which it plainly appears that the debtor is in possession of considerable landed property on which, he complains, there was *only* raised a crop of $5,000 the previous year. He calls it "my property," and frankly admits that he has had it so "fixed" that his creditors cannot disturb it. He has a suit in the Supreme Court and thinks that he "will recover half after a while." He has "a full supply of hands" "cultivating all the plantation," and hopes to make a good crop. He is giving his whole attention to it. Surely this does not indicate such poverty as to render it impossible for the defendant to pay, nor are the circumstances of such a nature as to discourage the plaintiff from a vigorous effort to subject the property to the payment of his claim.

In McKinder's case, the testimony, as we have remarked, was considered because it was improbable that the creditor knew of his debtor possessing property for the short period of eighteen months. In our case the creditor is actually informed by the debtor of his possession of a large property, and of his effort to prevent his creditors from reaching it, thus furnishing to the creditor valuable written testimony which he could use in subjecting the property to the satisfaction of his claim. It would, we think, be stretching the principle of *McKinder* v. *Littlejohn* very far to hold that such testimony is legally sufficient to go to the jury.

The plaintiff further contends that the statute does not run during the absence of the debtor from the State, and for this he relies upon *Summerlin* v. *Cowles*, 101 N. C., 473. In

that case, the late Chief Justice remarked that, while there is no saving clause in the statute of presumption (Rev. Code, ch. 65, § 9), "yet, when it is adopted as a measure of time in which an action must be brought, it must, by reason of the same analogy, be accompanied with the qualification attaching to all limitations and mentioned in section 9 preceding." This suggestion on the part of the learned Chief Justice was unnecessary to the decision of the case, as it will be observed that the defendant relied upon the statute of limitations. This will more particularly appear by an examination of the papers on file in this Court.

We cannot consider the suggestion as authority, as it is entirely opposed to many cases in which the point was directly presented and distinctly decided to the contrary. *Headen* v. *Womack*, 88 N. C., 468; *Houck* v. *Adams*, 98 N. C., 519; *Hamlin* v. *Mebane*, 1 Jones' Eq., 18; *Hodges* v. *Council*, 86 N. C., 181; *Campbell* v. *Brown*, 86 N. C., 376. His Honor was correct in ruling that the testimony offered was not legally sufficient to rebut the presumption of payment.

We are also of opinion that Dr. Willis Alston was properly excluded as a witness for the plaintiff. He was interested in the result of the action, and falls directly within the inhibition of *The Code*, § 580. It is urged that this section does not apply because the defendant pleaded both the statute and actual payment. Where actual payment is pleaded and "relied" upon, the statutory prohibition has no application, but merely pleading actual payment does not prevent its operation. Here the defendant offered no testimony whatever, and "relied" solely on the presumption of payment arising from the lapse of time. It is very plain that our case is not within the exception. *Brown* v. *Cooper*, 89 N. C., 238.

Upon a review of the whole case, we are unable to find any error.

Affirmed.