M. C. FAGGART et al. v. F. W. BOST, Administrator of J. F. Van Pelt et als.

(Decided April 12, 1898).

*Action to Recover Land — Constructive Trusts — Statute of Presumptions — Husband and Wife — Possession.*

1. Where a married woman was entitled to have her husband declared a trustee for her of lands purchased with her money and conveyed to him before 1868, the statute of presumptions would not bar her right of action though *feme coverts* are not included among the exceptions named in Section 19, Chapter 65, of the Revised Code; the reason being that the husband's possession is considered to be the possession of the wife.

2. Prior to 1868 a husband purchased land with his wife's money, and, contrary to his agreement with her, had the conveyance made to himself. The wife died in 1885; the husband remained in possession and died in 1896. There was no issue of the marriage. The heirs and next of kin of the wife brought suit in 1896. *Held,* that, while the statute of presumptions did not run against the wife to have her husband declared a trustee for her and compel a

FAGGART *v.* BOST.

conveyance, (his possession being considered hers), it did run against the heirs and next of kin of the wife from the time of his death.

CIVIL ACTION to recover from the administrator of J. F. Van Pelt proceeds of land sold by his intestate, and to have the other defendants, heirs at law of J. F. Van Pelt, declared trustees of other lands alleged to have been bought with money belonging to the ancestor of plaintiffs (wife of J. F. Van Pelt), and conveyed to J. F. Van Pelt in violation of his promise to have the conveyance made to her, tried before *Coble, J.,* and a jury at Fall Term, 1897, of IREDELL Superior Court. At the close of plaintiffs' evidence his Honor allowed the defendant's motion for judgment as of non-suit, and plaintiffs appealed. The facts appear in the opinion.

*Messrs. J. A. Hartness, Armfield & Turner* and *H. P. Grier* for defendants (appellees).

No counsel *contra.*

FURCHES, J.: In 1858 Joseph Franklin Van Pelt married Miss Mary Maggie Litaker, and this union continued until 1885, when Mrs. Van Pelt died. The husband continued to live until April, 1896, when he died. There was never any issue born of this marriage, and the said Joseph died without leaving issue. The plaintiffs in this action are the next of kin and heirs at law of Mrs. Van Pelt.

Mrs. Van Pelt inherited from her father, and was the owner in her own right of, lands lying in Cabarrus county, a part of which was sold in 1867 to one Blackwelder, to be paid for in gold, and a part was sold to one Sumrow, and conveyed to her in part payment for real estate belonging to said Sumrow, in Statesville.

It is alleged by plaintiffs that the money received from Blackwelder for the lands of Mrs. Van Pelt also went into the payment for the Sumrow property, in Statesville, and that by the conveyance of the one tract to Miss Ellen Jane Sumrow, and by the money received from Blackwelder for Mrs. Van Pelt's lands, the whole of the purchase price for the Sumrow lands in Statesville was paid.

It is further alleged by plaintiffs that Mrs. Van Pelt agreed to this sale and conveyance of her land, upon Mr. Van Pelt's agreeing to purchase the Sumrow property in Statesville for her, but that, in violation of this promise and agreement, the said Joseph F. procured the deed to be made to him, conveying to him a fee simple estate in said property, in fraud of the rights of the wife. The plaintiffs, as the heirs at law of Mrs. Van Pelt, commenced this action on the 29th of July, 1896, to set up and declare the trust and recover said lands or the value thereof. At the close of plaintiffs' evidence, defendant demurred *ore tenus.*

The evidence introduced by plaintiffs, we think, tended to establish the trust alleged. *Dula* v. *Young*, 70 N. C., 450, and that line of cases. This would entitle plaintiffs to a new trial, if there was nothing else in their way. But from the view of the case taken by the Court, it is not necessary that we should discuss the evidence as to the conveyance of Mrs. Van Pelt's land, under the promise and agreement on the part of the husband that the title to the Sumrow property in Statesville was to be taken to her, as the case, in the opinion of the Court, turns upon another point. Nor is it necessary that we should discuss and pass upon the exceptions to evidence.

The several transactions mentioned, of selling the

lands of Mrs. Van Pelt and the purchase of the Sum-row property, all took place before the adoption of the Constitution of 1868, and the Code of Civil Procedure.

Plaintiffs' cause of action, if they have one, arose at that time and is governed by the law as it then existed. Mrs. Van Pelt never had the legal title to the Sumrow property, but only the right in equity to have her husband declared a trustee of said property and a decree compelling him to convey. This being so, the statute of presumptions—Chapter 65, Section 19, Revised Code—affects plaintiffs' right to recover, when pleaded and relied upon as in this case.

It is true that plaintiffs had no right of action (and, indeed, no cause of action), until the death of Mrs. Van Pelt under whom they claim. At that time they succeeded to her estate by descent. And although their *right* of action accrued at that time, their *cause* of action accrued at the time the husband, Joseph F., took the deed for the Sumrow property to himself, instead of taking it to his wife, as plaintiffs alleged he was to do. *Dula* v. *Young, supra; Lyon* v. *Akin*, 78 N. C., 258. While a cause of action accrued to Mrs. Van Pelt in 1867, it seems that time did not run against her, although *feme coverts* are not included among the exceptions in Chapter 65, Section 19, Revised Code. This seems to be taken as the law in *Dula* v. *Young, supra.* In that case, the sale of the wife's lands, and purchase of the "Elk farm," took place in 1841 or 1842, and the action to declare the trust was brought about 1870, (was tried in 1873), but was brought soon after the death of the contracting parties. But the reason why the statute of presumptions does not run in such cases seems to be owing to the relation of the parties, that the husband's

possession is considered to be the possession of the wife also.    2 Lewin on Trusts, 881.

In express trusts no statute as to time runs,—that is, a trust declared in the instrument creating the trust and accepted by the trustee—until the trust relation is broken. *Hodges* v. *Council*, 86 N. C., 181; *Hamlin* v *Mebane*, 54 N. C., 20; 2 Lewin on Trusts, star p. 886.    In such cases the Court does not declare the trust, but enforces it according to the specified terms.    2 Pomeroy Eq. Jur., Sections 988, 989, 991.

But this is not what is known as an express trust, but it is what is called a constructive trust; that is, the facts show such conduct on the part of the defendant that a court of equity, or court exercising equitable jurisprudence, will declare him a trustee.

These trusts are only declared where there has been bad faith—fraud, actual, presumptive or constructive. 1 Pomeroy Eq. Jur., Sections 155, 1030, 1058; 2 Pomeroy, 1044; 1 Lewin on Trusts, star p. 180, and note 1.

As in this case, it was not the sale of the wife's land, nor the purchase of the Sumrow property, that the wife or the plaintiffs have anything to complain of.    But it was the falsehood—the bad faith of the husband in taking title to himself, and not to his wife, as he promised to do.    If A buys land with the money of B, and instead of taking the title to B, as he promised to do, takes it to himself, equity will declare A a trustee for B. The law is the same between a man and his wife as between strangers, when the facts are established.

But as the law at the time the facts in this case transpired made the personal estate of the wife, upon its coming into his possession, that of the husband, and money arising from the sale of the wife's lands his, unless he received it under a promise, and in trust, as

plaintiffs allege was done in this case, the purchase would be with the husband's own money, and there would be no fraud and no consideration to support a declaration of trust. In this case the evidence tended to show that one tract of land belonging to the wife was conveyed directly to E. J. Sumrow, in part payment for the Sumrow property in Statesville. So that no money could have been received by the husband for this tract of land. And if this is true there seems to be no reason why a trust would not be declared as to this.

But we have said it is not necessary that we should pass upon this question. While the lapse of time and the statute does not affect the rights of parties to an express trust until there is a termination of the trust, it seems not to be so as to constructive trusts—such as we hold this to be. As to such trusts as these—constructive trusts—the statute is emphatically one of repose. *Houck* v. *Adams,* 98 N. C., 519; *Headen* v. *Womack,* 88 N. C., 468; 1 Lewin, *supra,* Star p. 180; 2 Lewin, *supra,* Star pp. 863 and 864. This doctrine is sustained in *Campbell* v. *Crater,* 95 N. C., 156, although it is held in that case that coverture prevented the statute of limitations from running, as plaintiffs claimed under a legal title.

And while it is suggested that *Summerlin* v. *Cowles,* 101 N. C., 473, is not in harmony with the above authorities and cited cases, it is contended by the defendant that this case is overruled by *Alston* v. *Hawkins,* 105 N. C., 3.

Upon examining the case of *Alston* v. *Hawkins,* we find that it does not overrule *Summerlin* v. *Cowles* to the extent of making the judgment of the Court in that case erroneous. Indeed, it sustains the correctness of the judgment in that case, which was founded upon the operation of the statute of limitations, this being the

FAGGART *v.* BOST.

only statutory defence set up in that case.    But *Alston*
v   *Hawkins* says that what was said by the learned
Chief Justice, in discussing *Summerlin* v. *Cowles*, as to
the statute of presumptions, was not necessary to the
decision of the case—was *obiter*—and that part of the
opinion is declared not to be in harmony with many de-
cisions of this Court there cited, and is overruled.    *Al-
ston* v. *Hawkins* is the latest deliverance of this Court,
and is a precedent, and is now held to be the true expo-
sition of the law of presumptions.

Upon the death of Mrs. Van Pelt, the husband, Joseph
F., remained in possession under color of title.    This
possession was adverse to the plaintiffs.    The law pre-
sumed it to be so, without anything further being proved.
*Alexander* v. *Gibbon*, 118 N. C., 796.    And while we
hold that time did not run against Mrs. Van Pelt for the
reasons we have assigned, it commenced to run against
the plaintiff at the death of Mrs. Van Pelt; and there is
no saving clause in Chapter 65, Section 19 of the Revised
Code; it has continued to run from that time until the
commencement of this action.    This having been more
than ten years, the law presumes the plaintiffs to have
abandoned any rights they may have had, and they can-
not recover.

Affirmed.